UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
MARY E. BURDO,

                      Plaintiff,          Case No.:  05 CIV. 6117

       - against -                  **COMPLAINT**

PITNEY BOWES, INC.,                 JUDGE DANIELS

                      Defendant.
------------------------------------------------------x

**PLAINTIFF DEMANDS A TRIAL BY JURY**

The plaintiff, MARY E. BURDO ( Burdo ), by her attorneys, Westermann, Hamilton, Sheehy, Aydelott & Keenan, LLP., as and for her complaint against the defendant, PITNEY BOWES, INC. ( Pitney ), alleges as follows:

**PARTIES**

1.      Burdo is a resident of the County of Nassau, State of New York.

2.      Upon information and belief, Pitney was and is a Delaware corporation doing business in New York.

3.      Upon information and belief, Pitney was and is a foreign corporation doing business in New York.

4.      Upon information and belief, Pitney s principal place of business is located in Stamford, Connecticut.

**NATURE OF ACTION**

5.      This is a civil action for damages in excess of $75,000.00 exclusive of interest and costs, which Burdo brings under Title VII of the Civil Rights Act of 1964, as

1

amended, 42 U.S.C. § 2000(e) *et seq.* ( Title VII ), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 261 *et. seq.* ( ADEA ), the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d)(1) ( EPA ),  the New York State Human Rights Law,  N.Y. Exec. Law § 296 et seq. ( N.Y. Human Rights Law ), and the New York Equal Pay Act, Labor Law §194 ( N.Y. EPA ).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332, and principles of supplemental jurisdiction, 28 U.S.C. § 1367.

7. On or about October 22, 2004, Burdo filed a charge of discrimination with the Equal Employment Opportunity Commission ( EEOC ), charging Pitney with violations of Title VII, ADEA, and EPA.

8. On or about March 30, 2005, the EEOC issued a Determination that Burdo established a prima facie case of employment discrimination under the Title VII, and Burdo received a Notice of Right to Sue from the EEOC on or about May 13, 2005.

9. Venue is proper in this district under 28 U.S.C. § 1391, because a substantial part of the events giving rise to Burdo s claims occurred in the Southern District of New York.

## FACTS RELEVANT TO ALL CLAIMS

10. Burdo is a female, sixty-five years of age.

11. In 1976, Burdo became employed by Avon, Inc.

12. In 1990, Burdo was promoted to the position of facility supervisor at Avon s corporate facility located at 1251 6th Avenue, New York, New York.

13. In 1998, Avon outsourced its facilities management function to Intellisource, Inc., and Burdo became an employee of Intellisource but continued to hold the position of facility supervisor at Avon s 1251 6th Avenue facility.

14. In 1999, as a result of a series of corporate acquisitions, Burdo became an employee of Pitney, but continued to work as facility supervisor at Avon s 1251 6th Avenue facility.

15. In 1999, Pitney s Facility Manager for Avon s 1251 6th Avenue facility, left the company.

16. From 1999 to August 2000, Burdo performed all the duties and responsibilities of the Facility Manager without a formal promotion or commensurate compensation.

17. Burdo applied for the vacated position of Facility Manager.

18. In August 2000, Steve Kellert ( Kellert ), a younger male, was promoted to the vacant position of Facility Manager for Avon s 1251 6th Avenue facility even though he was less qualified and less experienced for the position than Burdo, and Burdo had been performing the job responsibilities of the Facility Manager up to that date.

19. After Kellert was hired, Burdo had to train Kellert, and Burdo continued to perform the duties and responsibilities of the Facility Manager.

20. Kellert was promoted in 2003, and the Facility Manager position was once again open.

21. Burdo applied again for the Facility Manager position in 2003.

22. In June 2003, Burdo was again passed over for and/or denied the promotional opportunity for the vacant position of Facility Manager at Avon s 1251 6th Avenue

facility in favor of a younger male candidate from outside the company, Sam Vukelic ("Vukelic"), even though he was less qualified and less experienced for the position than Burdo, and Burdo had been performing the job responsibilities of the Facility Manager up to that date.

23. After Vukelic was hired, Burdo was again tasked with the job of training Vukelic, and Burdo continued to perform the job responsibilities of the Facility Manager.

24. In 2004, Vukelic's employment was terminated, and Burdo applied again for the vacated position of Facility Manager.

25. In August 2004, Burdo was again passed over for and/or denied the promotional opportunity for the vacant position of Facility Manager at Avon's 1251 6th Avenue facility in favor of a younger male from outside the company, Jim Harkins ("Harkins"), even though he was less qualified and less experienced for the position than Burdo, and Burdo had been performing the job responsibilities of the Facility Manager up to that date.

26. After Harkins was hired, Burdo was again tasked with the job of training Harkins, and Burdo continued to perform the job responsibilities of the Facility Manager.

27. Pitney violated its own internal job posting policy each time a younger, less experienced and less qualified male was hired for the position of Facility Manager instead of Burdo.

28. From 1999 to date, Burdo (without formal promotion and/or commensurate compensation and benefits) continued to perform the job responsibilities of the Facility Manager but did not receive equal compensation or benefits of the younger males, including but not limited to, Kellert, Vukelic and Harkins, who held the position of Facility Manager during that period.

29. From 1999 to date, Burdo continuously informed Pitney that she was

4

interested in being promoted to the Facility Manager position.

30. Each time Burdo was passed over for and/or denied the promotional opportunity for the vacant position of Facility Manager, she made formal complaints with her supervisor about being passed over for and/or denied the promotional opportunity for the position of Facility Manager in favor of younger, less experienced and less qualified males, but satisfactory explanations were never provided.

31. In 2004, Burdo was given a meaningless title of Customer Operations Manager without any corresponding increase in compensation or benefits after she complained to her supervisor about being passed over for and/or denied the promotional opportunity for the position of Facility Manager in favor of Harkins.

## FIRST CLAIM AGAINST PITNEY BOWES
## (SEX/GENDER DISCRIMINATION UNDER TITLE VII)

32. Burdo repeats and realleges each and every allegation contained in paragraphs 1" through 31" with the same force and effect as if the same were set forth fully and at length herein.

33. At all relevant times, Burdo was an employee of Pitney under Title VII.

34. At all relevant times, Pitney was an employer under Title VII.

35. Pitney denied Burdo equal terms, conditions and privileges of employment on the basis of her sex/gender in violation of Title VII by, *inter alia*: (a) continuously passing over and/or denying Burdo promotional opportunities to become the Facility Manager in favor of males who were less qualified and less experienced for the Facility Manger position than Burdo; and (b) continuously paying Burdo less compensation and benefits than less qualified and less experienced males performing the same or substantially equal work at Avon s 1251 6th Avenue

facility.

36. As a direct and proximate result of Pitney's unlawful sex/gender discrimination under Title VII, Burdo sustained substantial damages, including past and future lost earnings and benefits, mental anguish and emotional distress, in an amount to be determined at trial.

37. Pitney intentionally discriminated against Burdo on the basis of her sex/gender, with deliberate and reckless indifference to her rights, entitling Burdo to punitive damages under Title VII.

## SECOND CLAIM AGAINST PITNEY BOWES
### (RETALIATION UNDER TITLE VII)

38. Burdo repeats and realleges each and every allegation contained in paragraphs "1" through "37" with the same force and effect as if the same were set forth fully and at length herein.

39. Burdo repeatedly complained to her supervisors about being passed over for and/or denied the promotional opportunity for the position of Facility Manager in favor of males who were less qualified and less experienced for the Facility Manger position.

40. Pitney denied Burdo equal consideration for future promotional opportunities to become the Facility Manager because Burdo made formal complaints each time she was passed over for and/or denied the promotional opportunity for the vacant position of Facility Manager.

41. Pitney's conduct toward Burdo constitutes unlawful retaliation in violation of Title VII.

42. As a direct and proximate result of Pitney's unlawful retaliation, Burdo

has sustained substantial damages, including past and future lost earnings and benefits, mental anguish and emotional distress, in an amount to be determined at trial.

43. Pitney intentionally retaliated against Burdo, with deliberate and reckless indifference to her rights, entitling Burdo to punitive damages under Title VII.

## THIRD CLAIM AGAINST PITNEY BOWES
### (AGE DISCRIMINATION UNDER THE ADEA)

44. Burdo repeats and realleges each and every allegation contained in paragraphs 1" through 43" with the same force and effect as if the same were set forth fully and at length herein.

45. At all relevant times, Burdo was an employee of Pitney under the ADEA.

46. At all relevant times, Burdo was a member of the protected class under the ADEA.

47. At all relevant times, Pitney was an employer under the ADEA.

48. At all relevant times, Burdo was well qualified for the position of Facility Manager and, from 1999 to date, Burdo performed the responsibilities of the Facility Manager in, at least, a satisfactory manner.

49. Pitney denied Burdo equal terms, conditions and privileges of employment on the basis of her age in violation of the ADEA by, *inter alia*: (a) continuously passing over and/or denying Burdo promotional opportunities to become the Facility Manager in favor of younger males who were less qualified and less experienced for the Facility Manager position; and (b) continuously paying Burdo less compensation and benefits than less qualified and less experienced, younger males performing the same or substantially equal work at Avon s 1251 6th

Avenue facility.

50. As a direct and proximate result of Pitney's unlawful age discrimination, Burdo sustained substantial damages, including past and future lost earnings and benefits, mental anguish and emotional distress, in an amount to be determined at trial.

51. Pitney intentionally discriminated against Burdo on the basis of her age, with deliberate and reckless indifference to her rights, entitling Burdo to punitive damages under the ADEA.

### FOURTH CLAIM AGAINST PITNEY BOWES
### (RETALIATION UNDER THE ADEA)

52. Burdo repeats and realleges each and every allegation contained in paragraphs 1" through 51" with the same force and effect as if the same were set forth fully and at length herein.

53. Burdo repeatedly complained to her supervisors about being passed over for and/or denied the promotional opportunity for the position of Facility Manager in favor of younger males who were less qualified and less experienced for the Facility Manger position.

54. Pitney denied Burdo equal consideration for future promotional opportunities to become the Facility Manager because Burdo made formal complaints each time she was passed over for and/or denied the promotional opportunity for the vacant position of Facility Manager

55. Pitney's conduct toward Burdo constitutes unlawful retaliation in violation of the ADEA.

56. As a direct and proximate result of Pitney's unlawful retaliation, Burdo has sustained substantial damages, including past and future lost earnings and benefits, mental

anguish and emotional distress, in an amount to be determined at trial.

57. Pitney intentionally retaliated against Burdo, with deliberate and reckless indifference to her rights, entitling Burdo to punitive damages under the ADEA.

## FIFTH CLAIM AGAINST PITNEY BOWES
### (COMPENSATION DISCRIMINATION UNDER THE EPA)

58. Burdo repeats and realleges each and every allegation contained in paragraphs 1" through 57" with the same force and effect as if the same were set forth fully and at length herein.

59. At all relevant times, Burdo was an employee of Pitney under the EPA.

60. At all relevant times, Pitney was an employer under the EPA.

61. From 1999 to date, Burdo was and is paid less compensation and benefits than males performing the same or substantially equal work at Avon s 1251 6th Avenue facility.

62. Pitney denied Burdo equal terms, conditions and privileges of employment on the basis of her sex/gender in violation of the EPA by continuously paying her less compensation and benefits than males performing the same or substantially equal work at Avon s 1251 6th Avenue facility.

63. As a direct and proximate result of Pitney s unlawful compensation discrimination in violation of the EPA, Burdo sustained substantial damages, including past and future lost earnings and benefits, mental anguish and emotional distress, in an amount to be determined at trial.

## SIXTH CLAIM AGAINST PITNEY BOWES
### (SEX/GENDER DISCRIMINATION UNDER THE
### N.Y. HUMAN RIGHTS LAW)

64. Burdo repeats and realleges each and every allegation contained in

paragraphs 1" through 63" with the same force and effect as if the same were set forth fully and at length herein.

      65.    At all relevant times, Burdo was an employee of Pitney under the N.Y. Human Rights Law.

      66.    At all relevant times, Pitney was an employer under the N.Y. Human Rights Law.

      67.    Pitney denied Burdo equal terms, conditions and privileges of employment on the basis of her sex/gender in violation of the N.Y. Human Rights Law by, *inter alia*: (a) continuously passing over and/or denying Burdo promotional opportunities to become the Facility Manager in favor of males who were less qualified and less experienced for the Facility Manger position; and (b) continuously paying Burdo less compensation and benefits than less qualified and less experienced males performing the same or substantially equal work at Avon s 1251 6th Avenue facility.

      68.    As a direct and proximate result of Pitney s unlawful sex/gender discrimination, Burdo sustained substantial damages, including past and future lost earnings and benefits, mental anguish and emotional distress, in an amount to be determined at trial.

### SEVENTH CLAIM AGAINST PITNEY BOWES
### (AGE DISCRIMINATION UNDER THE
### N.Y. HUMAN RIGHTS LAW)

      69.    Burdo repeats and realleges each and every allegation contained in paragraphs 1" through 68" with the same force and effect as if the same were set forth fully and at length herein.

      70.    At all relevant times, Burdo was a member of the protected class under the N.Y. Human Rights Law.

71. At all relevant times, Burdo was well qualified for the position of Facility Manager and, from 1999 to date, performed the responsibilities of the Facility Manager in, at least, a satisfactory manner.

72. Pitney denied Burdo equal terms, conditions and privileges of employment on the basis of her age in violation of the N.Y. Human Rights Law by, *inter alia*: (a) continuously passing over and/or denying Burdo promotional opportunities to become the Facility Manager in favor of younger males who were less qualified and less experienced for the Facility Manger position; and (b) continuously paying Burdo less compensation and benefits than less qualified and less experienced, younger males performing the same or substantially equal work at Avon s 1251 6th Avenue facility.

73. As a direct and proximate result of Pitney s unlawful age discrimination, Burdo sustained substantial damages, including past and future lost earnings and benefits, mental anguish and emotional distress, in an amount to be determined at trial.

### EIGHTH CLAIM AGAINST PITNEY BOWES
### (RETALIATION UNDER THE
### N.Y. HUMAN RIGHTS LAW)

74. Burdo repeats and realleges each and every allegation contained in paragraphs 1" through 73" with the same force and effect as if the same were set forth fully and at length herein.

75. Burdo repeatedly complained to her supervisors about being passed over for and/or denied the promotional opportunity for the vacant position of Facility Manager in favor of younger males who were less qualified and less experienced for the Facility Manager position.

76. Pitney denied Burdo equal consideration for future promotional

opportunities to become the Facility Manager because Burdo made formal complaints each time she was passed over for and/or denied the promotional opportunity for the vacant position of Facility Manager

77. Pitney s conduct toward Burdo constitutes unlawful retaliation in violation of N.Y. Human Rights Law.

78. As a direct and proximate result of Pitney s unlawful retaliation, Burdo has sustained substantial damages, including past and future lost earnings and benefits, mental anguish and emotional distress, in an amount to be determined at trial.

### NINTH CLAIM AGAINST PITNEY BOWES
### (COMPENSATION DISCRIMINATION UNDER THE N.Y. EPA)

79. Burdo repeats and realleges each and every allegation contained in paragraphs 1" through 78" with the same force and effect as if the same were set forth fully and at length herein.

80. From 1999 to date, Burdo was and is paid less compensation and benefits than males performing the same or substantially equal work at Avon s 1251 6th Avenue facility.

81. Pitney denied Burdo equal terms, conditions and privileges of employment on the basis of her sex/gender in violation of the N.Y. EPA by continuously paying her less compensation and benefits than less qualified and less experienced males performing substantially equal work at Avon s 1251 6th Avenue facility.

82. As a direct and proximate result of Pitney s unlawful compensation discrimination in violation of the N.Y. EPA, Burdo sustained substantial damages, including past and future lost earnings and benefits, mental anguish and emotional distress, in an amount to be determined at trial.

WHEREFORE, Burdo demands judgment against Pitney Bowes as follows:

a. on the First Claim for sex/gender discrimination in violation of Title VII, awarding compensatory and punitive damages, equitable relief, attorneys fees, costs, and interest;

b. on the Second Claim for retaliation in violation of Title VII, awarding compensatory and punitive damages, equitable relief, attorneys fees, costs, and interest;

c. on the Third Claim for age discrimination in violation of the ADEA, awarding compensatory and punitive damages, equitable relief, attorneys fees, costs, and interest;

d. on the Fourth Claim for retaliation in violation of the ADEA, awarding compensatory and punitive damages, equitable relief, attorneys fees, costs, and interest;

e. on the Fifth Claim for compensation discrimination in violation of the EPA, awarding back pay, front pay, other compensatory damages and equitable relief, attorneys fees, costs, and interest;

f. on the Sixth Claim for sex/gender discrimination in violation of the N.Y. Human Rights Law, awarding compensatory damages, equitable relief, attorneys fees, costs, and interest;

g. on the Seventh Claim for age discrimination in violation of the N.Y. Human Rights Law, awarding compensatory damages, equitable relief, attorneys fees, costs, and interest;

h. on the Eight Claim for retaliation in violation of the N.Y. Human Rights Law, awarding compensatory damages, equitable relief, attorneys fees, costs, and interest;

i. on the Ninth Claim for compensation discrimination in violation of the N.Y. EPA, awarding back pay, front pay, other compensatory damages and equitable relief, attorneys fees, costs, and interest;

    j.  together with the costs and disbursements of this action, and such other and further relief as this Court may deem just and equitable.

Dated: White Plains, New York
    June 24, 2005

              Yours, etc.

              WESTERMANN, HAMILTON, SHEEHY,
              AYDELOTT & KEENAN, LLP.


              _____
              CHRISTOPHER P. KEENAN - (CK8161)
              Attorneys for Plaintiff
              222 Bloomingdale Road, Suite 308
              White Plains, New York  10605
              (914) 946-7770